UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 16-002 (KES/VLD)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **RESPONSE BY THE UNITED** |
| Plaintiff, ) | **STATES TO DEFENDANT'S** |
| ) | **OBJECTIONS TO MAGISTRATE** |
| v. ) | **JUDGE'S ORDERS** |
| ) | |
| KHAALID ADAM ABDULKADIR, ) | |
| ) | |
| Defendant. ) | |

The United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota and Assistant United States Attorney John Docherty, hereby respectfully submits its Response to the Defendant's Objections to Magistrate Judge's Orders (Docket No. 36).

Defendant objects to the Minnesota Magistrate Judge ruling at all, claiming that an Order from Chief Judge Riley of the United States Court of Appeals for the Eighth Circuit appointing the Honorable Karen E. Schreier to preside over this case required the Minnesota magistrate to step aside, particularly in light of a district-wide recusal that was ordered by Chief Judge Tunheim of the District of Minnesota on December 29, 2015, eight days after the preliminary and detention hearing in this case.[1]  Defendant also objects to the Magistrate Judge's findings on both probable cause and detention.

---

[1] The preliminary and detention hearing in this case was begun on December 16, 2015. At the conclusion of the court day on December 16 the Magistrate Judge found probable cause to believe the defendant had committed the offense alleged in the complaint. The hearing was then continued, on defendant's motion, to December 21, 2015. On that date,

1

**EFFECT OF INDICTMENT**

Following defendant's filing of his objections, a grand jury of this district indicted defendant. The indictment moots defendant's probable cause objections, but does not affect his detention or recusal arguments. The evidence the government would introduce at a detention hearing on the indictment would be the same evidence it already introduced at the detention hearing on the complaint. At the hearing that this Court has scheduled on the defendant's objections to the Magistrate Judge's orders, the government does not plan on introducing additional evidence. The government will rely on the record made to date.

**STANDARD OF REVIEW**

18 U.S.C. § 3144(b) allows a person "ordered detained by a magistrate judge" to file "with the court having original jurisdiction over the offense a motion for revocation or amendment of the order." The statute does not supply a standard of review but the Eighth Circuit has held that review of a magistrate judge's detention order by a district court judge is *de novo*. *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985) (*quoting United States v. Delker*, 757 F.2d 1390 (3d Cir. 1985)).

The government has found no case that provides a standard of review specific to a district court judge's review of a magistrate judge's decision not to recuse from a case. Some guidance might be found in the fact that an appellate court will review a district court's recusal decision for abuse of discretion. *White v. National Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009). However, the "usual" recusal decision is governed by 28

---

further evidence was taken, the hearing was concluded, and the Magistrate Judge orally announced his decision as to detention. The Magistrate Judge docketed the written detention order on January 5, 2015.

U.S.C. § 455(a).  This case is not.  In this case the defendant grounds his objection to the Magistrate Judge's decision not to recuse himself on Chief Judge Riley's pre-hearing, December 14, 2015 Order, and Chief Judge Tunheim's post-hearing, December 29, 2015 Order.  The Magistrate Judge also based his decision not to recuse himself on his reading of Chief Judge Riley's Order.  The standard of review a district court will apply to a magistrate judge's construction of a statute – broadly speaking, to a magistrate judge's construction of a <u>text</u> – is *de novo*.  *United States v. Brummels*, 15 F. 3d 769, 771 (8th Cir. 1994).  Since the Magistrate Judge based his decision not to recuse on his interpretation of Chief Judge Riley's Order, the government suggests that *de novo* review is the appropriate standard on these facts.

**THE MAGISTRATE JUDGE ACTED PROPERLY WHEN HE DECLINED TO RECUSE HIMSELF.**

The only court order in place before the preliminary and detention hearing took place was Chief Judge Riley's December 14 Order appointing Judge Schreier.  That Order was silent as to recusal of any judicial officer.  While defendant asserts that Chief Judge Riley's Order also removed a particular, District of Minnesota magistrate judge, identified as BRT,[2] that assertion overlooks the fact that the initials "BRT" are part of the case caption.  There is no evidence in the text of Chief Judge Riley's Order that the Order was meant to work the removal or recusal of any judicial officer.  In fact, the day after Chief Judge Riley's Order was docketed, Magistrate Judge Thorson recused herself.  (Docket No. 15).  If Magistrate Judge Thorson had read Chief Judge Riley's Order the

---

[2] The Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota.

way the defendant in this case does, she would not have found it necessary to file a recusal, because Chief Judge Riley's Order would already have worked her recusal. There was no reason for the Magistrate Judge in this case to conclude that Chief Judge Riley's Order required him to recuse himself.

The Magistrate Judge could not have known of Chief Judge Tunheim's Order of District of Minnesota-wide recusal at the time of the hearing, since it followed the hearing by eight days. Defense counsel makes use of Chief Judge Tunheim's Order in two ways, by (a) taking Chief Judge Tunheim's Order as circumstantial evidence of the impropriety of the Magistrate Judge's December 16 decision not to recuse himself, and (b) as the grounds for a claim in the alternative, that even if the initial decision not to recuse was proper, in light of the later Order from Judge Tunheim, it would be appropriate to vacate the detention order. Neither argument is compelling.

The plain text of Chief Judge Tunheim's December 29 Order says nothing about actions already taken in the case. Chief Judge Tunheim should be presumed to have been aware that a preliminary and detention hearing had been held. Not only is he aware, as chief judge, of what occurs in this district, but because of the public interest in this case, the preliminary and detention hearing was moved to Chief Judge Tunheim's large courtroom from the Magistrate Judge's smaller courtroom. There is therefore no need to rely on a presumption as to a chief judge's knowledge of the affairs of their district, because the use of Chief Judge Tunheim's courtroom for this very hearing had to be arranged in advance.

4

Nor is there any need to re-do the detention hearing on the grounds that doing so would preserve the judiciary's appearance of impartiality. No allegation of partiality has been made. The Magistrate Judge's detention decision is supported by the content of the tweets, plus the fact that the defendant earlier communicated with two wanted terrorism defendants from Minnesota, one of whom is now in Somalia with al Shabaab, while the other went to Syria to join the Islamic State in Iraq and the Levant, or ISIL. The defense may, and does, disagree with the detention conclusion, but there is no allegation that the decision was based on the Magistrate Judge being biased against defendants who are accused of threatening a fellow judge; and given that the decision to detain is supported by objective facts, there could not be any such claim.

**THE DETENTION DECISION SHOULD STAND**

The detention decision in this case should not be reversed. For this, the government relies on the record made at the detention hearing. As outlined in the preceding section of this Response, the contents of the tweets in this case are alarming, and the defendant has twice expressed his desire to leave the United States and travel to

Syria.  Detention was, and remains, appropriate, because there is no condition or set of conditions that will reasonably assure the defendant's appearance in court and the safety of the community.

Dated: January 6, 2016                               Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

s/ John Docherty

BY:   JOHN DOCHERTY
Assistant United States Attorney