UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | 0:16-CR-00002-KES-VLD |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT AND GRANTING MOTION FOR BILL OF PARTICULARS |
| KHAALID ADAM ABDULKADIR, | |
| Defendant. | |

The defendant, Khaalid Adam Abdulkadir, was indicted on January 5, 2016. The indictment contains three counts: counts 1 and 2 allege violations of 18 U.S.C. § 115(a)(1)(B), and count 3 alleges a violation of 18 U.S.C. § 875(c). Abdulkadir moves to dismiss the indictment and, in the alternative, moves for a bill of particulars. Docket 63. The government opposes the motion. For the following reasons, Abdulkadir's motion to dismiss is denied and the motion for a bill of particulars is granted.

**BACKGROUND**

On December 9, 2015, two tweets were sent from the Twitter account, "@kabdulkadir14": "More brother get lock up the cops body they will find on the floor body's dropping fast #kill them FBI and fuck as judge" and "Fuck them F.B.I. I'm kill them FEDS for take my brothers." After these tweets, Abdulkadir was indicted on the following charges:

## COUNT 1

### (Threatening to Murder a Federal Judge)

On or about December 9, 2015, in the State and District of Minnesota, the defendant, Khaalid Adam Abdulkadir, did threaten, by posting tweets to his Twitter account, to murder a United States judge, specifically intending to impede, intimidate, and interfere with such federal judge while he was engaged in the performance of his official duties, and to retaliate against such federal judge on account of the performance of his official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 2

### (Threatening to Murder Federal Law Enforcement Officers)

On or about December 9, 2015, in the State and District of Minnesota, the defendant, Khaalid Adam Abdulkadir, did threaten, by posting tweets to his Twitter account, to murder federal law enforcement officers, specifically intending to impede, intimidate, and interfere with such federal law enforcement officers while they were engaged in the performance of their official duties, and to retaliate against such federal law enforcement officers on account of the performance of their official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 3

### (Interstate Transmission of a Threat to Injure the Person of Another)

On or about December 9, 2015, in the State and District of Minnesota, the defendant, Khaalid Adam Abdulkadir, did transmit in interstate or foreign

2

commerce a communication, specifically, the defendant posted tweets to his Twitter account, containing language the defendant knew to be a threat, and knowing that the tweets would be viewed as threats, to injure the person of another, to wit, a federal judge and federal law enforcement officers, in violation of Title 18, United States Code, Section 875(c).

## DISCUSSION

Abdulkadir moves to dismiss the indictment on four separate grounds: (1) the indictment fails to state a crime, (2) the indictment violates the First Amendment, (3) the indictment violates Federal Rule of Criminal Procedure 12(B), and (4) the indictment fails to allege sufficient mens rea.

## I.    The indictment properly alleges the crimes charged.

"The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c). "An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). An indictment must contain "all of the essential elements of the offense charged[.]" *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

### a.    18 U.S.C. § 115(a)(1)(B)

Counts 1 and 2 are grounded in 18 U.S.C. § 115(a)(1)(B). Section 115(a)(1)(B) provides:

> Whoever – threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or

3

an official whose killing would be a crime under such section, with
intent to impede, intimidate, or interfere with such official, judge,
or law enforcement officer while engaged in the performance of
official duties, or with intent to retaliate against such official,
judge, or law enforcement officer on account of the performance of
official duties, shall be punished as provided in section (b).

The court finds that count 1 adequately describes the essential facts that
establish the elements of the offense. The count alleges the date of the offense,
the means in which the threat was delivered, and that the threat was made
against a federal judge. This count also follows the language of the statute and
details factual allegations to the extent that Abdulkadir has sufficient notice of
the charge and can plead double jeopardy in a future prosecution. As such,
count 1 is not facially defective.

As to count 2, Abdulkadir asserts that the indictment is deficient
because the statute cited does "not criminalize statements or threats against
entire agencies or the federal government as a whole." Docket 64 at 5.
Abdulkadir argues that the indictment does not sufficiently allege a crime
because it refers to "federal law enforcement officers" as opposed to "a Federal
law enforcement officer" as delineated in the statute. According to Abdulkadir,
if Congress intended to criminalize broad threats against entire agencies, it
would have utilized the language it has employed in many other statutes.

The court does not adopt such a narrow interpretation of the statute. As
the government notes in its response, courts have consistently interpreted
statutes that prohibit threats against an individual to also include threats
against identifiable groups of individuals. *See United States v. Nicklas*, 713 F.3d
435, 440 (8th Cir. 2013) (upholding conviction for threat against FBI agents);

4

*United States v. Armel*, 585 F.3d 182, 185 (4th Cir. 2009) (upholding conviction associated with threat directed toward an FBI field office); *United States v. Cox*. 957 F.2d 264, 266 (6th Cir. 1992) (upholding conviction for threat directed toward the employees of a bank); *United States v. Lincoln*, 589 F.2d 379, 382 (8th Cir. 1979) (upholding conviction for sending a letter threating to kill judges in the Eighth Circuit). The same rationale applies here. Thus, Abdulkadir's motion to dismiss is denied as to counts 1 and 2.

> **b.     18 U.S.C. § 875(c)**

Count 3 alleges a violation of 18 U.S.C. § 875(c). While Abdulkadir referenced this count in the section headline, his argument does not address this statute. Section 875(c) provides:

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

For the same reasons articulated in section I.a, *supra*, the court denies Abdulkadir's motion as to count 3.

## II.    The indictment is constitutional under the First Amendment.

"[S]tatute[s] such as [these], which make[] criminal a form of pure speech, must be interpreted with the commands of the First Amendment clearly in mind." *Watts v. United States*, 394 U.S. 705, 707 (1969). "The protections afforded by the First Amendment, however, are not absolute, and we have long recognized that the government may regulate certain categories of expression consistent with the Constitution." *Virginia v. Black*, 538 U.S. 343, 358 (2003). "The First Amendment permits restrictions upon the content of

speech in a few limited areas, which are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." *Id.* at 358-59 (quotations omitted). " 'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Id.* at 359 (citing *Watts*, 394 U.S. at 708). Speech that constitutes a true threat is not afforded First Amendment protection. *Id.*

Abdulkadir asserts that the indictment runs afoul with the First Amendment because of its vague allegations. Abdulkadir argues that the lack of specificity in the indictment prevents the government from meeting its burden of proving that the speech at issue is not protected speech. While acknowledging that the question of whether speech constitutes a true threat is typically posed to the jury, Abdulkadir argues that the court can dismiss an indictment if no reasonable jury could find that the communication constitutes a true threat. Abdulkadir supports this argument by stating that the government must detail the alleged threat in the indictment so the court can determine whether the charges comply with the First Amendment. Because of the insufficient detail in the indictment, Abdulkadir urges the court to hold that the indictment seeks to criminalize generic threats that are protected under the First Amendment.

The court finds that the indictment complies with First Amendment protections. As to the argument about a lack of specificity, Abdulkadir has not

cited any binding precedent that requires the government to quote the alleged threats in the indictment. Because the parties and the court are fully informed about the alleged conduct giving rise to the indictment – two tweets sent from the Twitter account, @kabdulkadir14 – the underlying rationale for this argument is not persuasive. As such, Abdulkadir's argument about a lack of specificity does not provide a basis for holding that the indictment is unconstitutional.

The court also finds that the statutes cited in the indictment are constitutional as applied to Abdulkadir. The two statutes prohibit threats of violence. *See* 18 U.S.C. § 115(a)(1)(B) ("Whoever – threatens to assault, kidnap, or murder . . . with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official . . ."); *see also* 18 U.S.C § 875(c) (". . . threat to kidnap any person or any threat to injure the person of another. . ."). Thus, the court finds that both statutes criminalize speech that falls under the true-threat exception to First Amendment protections. *See Black*, 538 U.S. at 359.  If a jury after proper instruction determines that Abdulkadir's speech violates one of these statutes, his conviction would be constitutional.

### III. Duplicity does not provide a basis for dismissing count 3 of the indictment.

Federal Rule of Criminal Procedure 12(b)(3)(B) establishes that a defendant can raise a duplicity defense prior to trial. Duplicity refers to a scenario where "two or more distinct and separate offenses are joined in a

7

single count, [which] is problematic because it might lead the jury to convict without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011).

Abdulkadir argues that count 3 of the indictment suffers from duplicity because it alleges that Abdulkadir threatened both a federal judge and law enforcement officers. Abdulkadir argues that there is no way to ensure a unanimous verdict because some jurors could rely upon a judge as the victim while others could rely upon law enforcement officers as the victims. Because of this alleged duplicity, Abdulkadir urges the court to dismiss count 3 of the indictment.

The government responds by asserting that the "unit of prosecution" of 18 U.S.C § 875(c) is each threat, not each victim. The government further argues that unanimity of the jury is only required regarding the issue of whether the speech constitutes a threat as opposed to unanimity regarding the victim of the threat. According to the government, any concerns associated with jury unanimity can be mitigated through jury instructions or a special verdict form.

While the court disagrees with the government's position that the alleged victim of the threat is irrelevant in this analysis, it finds that a jury unanimity instruction and special verdict form can cure any duplicity of the count. Jury instructions and special verdict forms ensure that juries render unanimous verdicts when there are multiple avenues available for finding a defendant

guilty of a crime. *See United States v. Holley*, 942 F.2d 916, 930 (5th Cir. 1991) (holding that special unanimity jury instruction was required where multiple false statements are charged in single count of indictment); *United States v. Trammell*, 133 F.3d 1343, 1355 (10th Cir. 1998) (holding that special unanimity jury instruction cured duplicitous indictment); *United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006) (holding that duplicitous indictment cured by special unanimity instruction and special verdict form). Thus, the court finds that duplicity does not provide a basis for dismissing the count. The court will employ a unanimity jury instruction and a special verdict form to ensure that the jury renders a unanimous verdict.

## IV.   The indictment alleges sufficient mens rea.

Abdulkadir next argues that the indictment fails to allege sufficient mens rea to comply with the standard articulated in the recent Supreme Court opinion, *Elonis v. United States*, 135 S. Ct. 2001 (2015). In *Elonis*, the Supreme Court reversed a conviction under 18 U.S.C. § 875(c) and established the mens rea required to find a defendant guilty of issuing a threat. *Id.* at 2012. The court established the following standard: "There is no dispute that the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.*

The court finds that counts 1 and 2 allege sufficient mens rea. Counts 1 and 2 of the indictment both state that Abdulkadir allegedly "did threaten, by posting tweets to his Twitter account . . . intending to impede, intimidate, and

interfere . . . and to retaliate[.]" Docket 43 at 1-2. The court finds that both counts allege that Abdulkadir issued a threat and intended that the recipient view the statements as threats. Thus, counts 1 and 2 allege mens rea sufficient to satisfy the *Elonis* standard.

As to count 3, it is alleged that Abdulkadir "posted tweets to his Twitter account, containing language the defendant knew to be a threat, and knowing that the tweets would be viewed as threats[.]" Because this allegation virtually quotes the standard articulated in *Elonis*, the court finds that count 3 alleges sufficient mens rea. Thus, insufficient mens rea does not provide a basis for dismissing the indictment.

## V.     A bill of particulars is appropriate here.

"The court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). The court finds that a bill of particulars is appropriate here to the extent that it is necessary to determine who was allegedly threatened by Abdulkadir.

## CONCLUSION

The court finds that the indictment alleges sufficient factual content to fully inform Abdukadir regarding the charges against him and to satisfy all the elements of the offenses charged. The court also finds that the indictment and the statutes upon which it relies are constitutional because the true-threat

exception to First Amendment protection applies to the speech at issue. Thus, it is

ORDERED that Adulkadir's motion to dismiss the indictment (Docket 63) is DENIED. It is

FURTHER ORDERED that the government will file a bill of particulars that details specifically who was allegedly threatened by the speech cited in the indictment by February 29, 2016.

Dated February 18, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE