UNITED STATES DISTICT COURT
District Of Minnesota
16-CR-02 (KES/VLD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT AND** |
| | ) | **SENTENCING STIPULATIONS** |
| v. | ) | |
| | ) | |
| KHAALID ADAM ABDULKADIR, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to herein as "the government") and Khaalid Adam Abdulkadir (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency. The government agrees not to bring further charges against the defendant for his participation in any criminal activity that is known to the government as of the date of this agreement.

1.   **Plea of Guilty:**   The defendant will plead guilty to the one-count information which charges him with attempting to intimidate a federal judge; and (2) federal law enforcement officers, in violation of Title 18, United States Code, Section 111(a)(1), a Class A misdemeanor.

2.   **Factual Basis:**   On the evening of December 9, 2015, the Federal Bureau of Investigation's ("FBI") Joint Terrorism Task Force ("JTTF") arrested an individual, A.W., on a federal complaint that charged him with conspiring to provide material

SCANNED

MAR 0 8 2016

U.S. DISTRICT COURT MPLS

support to the designated foreign terrorist organization the Islamic State in Iraq and the Levant (ISIL).   The defendant learned of the arrest of A.W., who is a friend of the defendant, shortly after the arrest occurred.   In response to the arrest of A.W., at approximately 9:30 p.m. on December 9, 2015, the defendant, using his own Twitter account, publicly posted two Tweets that stated:

1.    Fuck them F. B. I  I'm kill them FEDS for take my brothers.

2.    More brother get locked up the cops body they will find on the floor body's dropping fast #kill them F B I and fuck as judge

The defendant admits that he made these tweets and that the tweets were threats to "kill" a federal judge and federal law enforcement officers.   The defendant further admits that these threats were intended to attempt to intimidate a federal judge and federal law enforcement officers in the performance of their official duties.

3.    **Statutory Penalties:**   The defendant understands and acknowledges that the maximum penalties prescribed by law for the crime to which he is pleading guilty are:

a.    imprisonment for up to one year, 18 U.S.C. § 111(a);

b.    a fine of up to $100,000, 18 U.S.C. §§ 111(a) and 3571(b)(5);

c.    a term of supervised release of up to one year, 18 U.S.C. § 3583(b)(3);

d.    a term of probation for up to five years, 18 U.S.C. § 3561(c)(2);

e.    payment of a mandatory special assessment of $25.00, 18 U.S.C. § 3013(a)(1)(A)(iii); and

f.    payment of the costs of prosecution, incarceration, and supervision, as provided by statute.

4.   **Revocation of Supervised Release:**   The defendant understands that if he were to violate any condition of supervised release he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth at Title 18, U.S.C. § 3583.

5.   **Sentencing Guideline Calculations:**   The parties acknowledge that the defendant will be sentenced in accordance with the Sentencing Reform Act, Title 18, U.S.C. § 3551, et seq.   The parties also acknowledge that the process of determining an appropriate sentence for the defendant will include consideration of the United States Sentencing Guidelines ("U.S.S.G."). The parties recognize that although the Court must give considerable weight to the Sentencing Guidelines, those guidelines are advisory. The parties stipulate to the following guidelines calculations:

a.   Appendix A to the Sentencing Guidelines references multiple sections of the sentencing guidelines for calculation of a base offense level for a violation of Title 18, United States Code, Section 111(a)(1). The parties agree that the most appropriate of these sentencing guidelines is U.S.S.G. § 2A2.4 "Obstructing or Impeding Officers" and that the base offense level is 10.

b.   None of the Specific Offense Characteristics listed at U.S.S.G. § 2A2.4(b) apply.

c.   The defendant is entitled to a two-level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

d.   No other Chapter Three adjustments apply.

e.   The defendant's adjusted offense level is 8.

f.   ' The parties believe the defendant is in Criminal History Category I. This does not constitute a stipulation, but is a belief that is based on the parties' assessment of the information that is currently known. The defendant's actual criminal history and related status will be determined by the Court based upon the information to be provided by the United States Probation Office and any additional information provided by the parties at the time of sentencing.

g.   The advisory guidelines sentence for an offender in Criminal History Category I who commits an offense with an adjusted offense level of 8 is: 0 to 6 months in prison (Zone A of the Guidelines Table); a fine of between $1,000 and $10,000; and a supervised release term of not more than one year. The parties will recommend that the defendant be sentenced to incarceration for time served, and that he be placed on supervised release for one year, and that his conditions of supervised release include:  (a) GPS location monitoring; (b) drug testing with a frequency of not less than one time per month; (c) undergo a chemical dependency assessment and follow the recommendations of the assessor for further treatment; (d) not to possess a firearm; and (e) not to apply for a passport.

6.   **Discretion of the Court:**  The foregoing stipulations are binding on the parties, but they do not bind the Court.  The parties understand that the sentencing guidelines are advisory and that their application is a matter that falls solely within the discretion of the Court.  The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category.  The Court may also depart from the applicable guidelines.  A determination by the Court that the

4

applicable guideline calculations or the defendant's Criminal History Category are different from what is stated above will not entitle either party to withdraw from this agreement. The defendant will be sentenced pursuant to the Court's determinations and the court may impose a sentence different from the sentence recommended by the parties. Should this occur, neither party is not entitled to withdraw from this agreement.

7.   **Special Assessment:**   The guidelines require payment of a special assessment of $25.00, as prescribed by statute.   The defendant agrees to pay the special assessment at or before sentencing.

8.   **Complete Agreement:**   This document contains the entire agreement between the United States of America and the defendant.   There are no other agreements, promises, representations, or understandings.

Dated: March _9_, 2016

> ANDREW M. LUGER
> United States Attorney
>
> BY: JOHN DOCHERTY
> CHARLES J. KOVATS, JR
> Assistant U.S. Attorneys

Dated: March _8_, 2016

> KHAALID ADAM ABDULKADIR
> Defendant

Dated: March _8_, 2016

> CHRISTOPHER W. MADEL, Esq.
> AARON THOM, Esq.
> Attorneys for Defendant