AO 245B    (Rev. 09/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District Of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Khaalid Adam Abdulkadir | Case Number:    16-CR-02 (KES/VLD) |
| | USM Number:    19750-041 |
| | Christopher W. Madel |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)    1 of the Information.

☐ pleaded nolo contendere to count(s)
   which was accepted by the Court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 § 111(a)(1) | Threatening Federal Employees | 12/09/2015 | 1 |

The defendant is sentenced as provided in this Judgment.  The sentence is imposed pursuant to the statutory and constitutional authority vested in this Court.

☐ The defendant has been found not guilty on count(s)

■ Count(s)    1, 2, and 3 of the Indictment    ☐ is    ■ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

03/08/2016
Date of Imposition of Judgment

_Karen E. Schreier_
Signature of Judge

Karen E. Schreier, United States District Judge
Name and Title of Judge

March 10, 2016
Date

AO 245B   (Rev. 09/14) Judgment in a Criminal Case
          Sheet 4—Probation

DEFENDANT:          Khaalid Adam Abdulkadir
CASE NUMBER:        0:16-CR-00002-1

# PROBATION

The defendant is hereby sentenced to probation for a term of :      3 years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and that the drug testing be conducted with a frequency of not less than one time per month.

☐   The above drug testing condition is suspended based on the Court's determination the defendant poses a low risk of

     future substance abuse.  *(Check, if applicable.)*

■   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

■   The defendant shall cooperate in the collection of DNA as required by statute.  *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act as required by statute.
     *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this Judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this Judgment.

The defendant must comply with the standard conditions that have been adopted by this Court, as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/14) Judgment in a Criminal Case
Conditions of Supervision

DEFENDANT:       Khaalid Adam Abdulkadir
CASE NUMBER:     0:16-CR-00002-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a location monitoring program for 2 years. The defendant shall be monitored using voice verification, radio frequency, or global positioning system (GPS) technology as determined by the probation officer. The defendant shall be monitored under the following restrictions: The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; court obligations; or discretionary leave activities as approved by the probation officer. The defendant shall not be required to pay the costs of location monitoring.

2. The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office. The defendant's cooperation shall include, but not be limited to, allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access. Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the U.S.

3. The defendant shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views or as deemed to be inappropriate by the U.S. Probation Office.

4. The defendant shall complete an immediate assessment or participate in a program for substance abuse as approved by the probation officer upon release or relapse during his term of probation. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program, not to exceed the total cost of treatment.

5. The defendant shall participate in a mental health counseling program as approved by the probation officer. This program may include psychological/psychiatric counseling or treatment, family counseling, and mentor support.

6. The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

7. The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

8. The defendant must cooperate with probation in preparing a post-conviction investigation report.

9. The defendant must not apply for a passport.

10. If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, or attending post-secondary school full-time, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

AO 245B    (Rev. 09/14) Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

DEFENDANT:           Khaalid Adam Abdulkadir
CASE NUMBER:      0:16-CR-00002-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $25.00 | Waived | N/A |

☐    The determination of restitution is deferred until
     An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

☐    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐    Restitution amount ordered pursuant to Plea Agreement  $ _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

        ☐    the interest requirement is waived for the    ☐   fine    ☐   restitution.

        ☐    the interest requirement for the    ☐   fine    ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment - Page 5 of 5

AO245B    (Rev. 09/14) Judgment in a Criminal Case
Sheet 5 — Schedule of Payments

DEFENDANT:            Khaalid Adam Abdulkadir
CASE NUMBER:         0:16-CR-00002-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ■  Lump sum payment of    $25.00           due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance with   ☐  C,   ☐  D,   ☐   E, or  ☐   F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ ,
to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ ,
to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of the
deposits in the defendant's inmate trust account while the defendant is in custody, or 10% of the defendant's inmate trust account
while serving custody at a Residential Reentry Center.  Any portion of the monetary obligation(s) not paid in full prior to the
defendant's release from custody shall be due in monthly installments of $_____, such payments to begin _____ days
following the defendant's release.

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.