# UNITED STATES DISTRICT COURT
Minnesota

UNITED STATES OF AMERICA

v.

Khaalid Adam Abdulkadir

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

Case Number:     0864: 0:16CR00002-1
USM Number:    19750-041

Christopher W. Madel
Defendant's Attorney

**Date of Original Judgment:** 05/19/2017
(Or Date of Last Amended Judgment)

## Reason for Amendment:

■ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

## THE DEFENDANT:

■ admitted guilt to violation(s) # 1 and 2 of the Amended Petition to Revoke Probation.

☐ was adjudicated guilty by the Court of violation(s) # of the after a denial of guilt.

The defendant is adjudicated guilty of these offenses:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Did submit a drug screen that tested positive for an illicit substance, marijuana. | 03/21/2017 |
| 2 | Did fail to participate in a location monitoring program, that is, the defendant was at unapproved residence/location multiple times. | 05/09/2017 |

The defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The alleged violation(s) # of the are dismissed.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

05/19/2017
Date of Imposition of Judgment

*Karen E. Schreier* (signature)
Signature of Judge

Karen E. Schreier, U.S. District Judge
Name and Title of Judge

May 30, 2017
Date

AO 245D    (Rev. 11/16) Amended Judgment in a Criminal Case for Revocations
            Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:    Khaalid Adam Abdulkadir
CASE NUMBER:    0:16CR00002-1

## IMPRISONMENT

■ The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    6 months.

☐ The Court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

■ *The defendant shall surrender to the United States Marshal for this district:

     ■ by    __12__    ☐ a.m.    ■ p.m.    on    __05/22/2017__ .

     ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on    _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 11/16) Amended Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release                                                                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:      Khaalid Adam Abdulkadir
CASE NUMBER:   0:16CR00002-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :     1 year.

# MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D    (Rev. 11/16) Amended Judgment in a Criminal Case for Revocations
           Sheet 3A — Supervised Release                          (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:    Khaalid Adam Abdulkadir
CASE NUMBER:    0:16CR00002-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at reasonable times, at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature     _____     Date     _____

Amended Judgment - Page 5 of 6

AO 245D    (Rev. 11/16) Amended Judgment in a Criminal Case for Revocations  
Sheet 3B – Supervised Release    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:    Khaalid Adam Abdulkadir  
CASE NUMBER:    0:16CR00002-1

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a location monitoring program for a period of 90 days and be monitored using global positioning system (GPS) technology. The defendant shall be monitored under the following restrictions: The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; court obligations; or discretionary leave activities as approved by the probation officer. The defendant shall not be required to pay the costs of location monitoring.

2. The defendant shall complete an immediate assessment or participate in a program for substance abuse as approved by the probation officer upon release or relapse during their term of supervised release. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program, not to exceed the total cost of treatment.

3. The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

4. The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office. The defendant's cooperation shall include, but not be limited to, allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access. Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the U.S. Probation and Pretrial Services Office.

5. **\*The defendant shall provide the probation officer access to any requested financial information; including credit reports, credit card bills, bank statements, and telephone bills.**

6. **\*The defendant shall participate in a mental health counseling or treatment program, as approved by the probation officer. This program may include psychological/psychiatric counseling or treatment, family counseling, and mentor support.**

7. **\*If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer**

8. **\*The defendant shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views or as deemed to be inappropriate by the U.S. Probation Office.**

9. **\*The defendant must not apply for a passport.**

AO 245D  (Rev. 11/16) Amended Judgment in a Criminal Case for Revocations
         Sheet 4 — Criminal Monetary Penalties

DEFENDANT:        Khaalid Adam Abdulkadir
CASE NUMBER:      0:16CR00002-1

# CRIMINAL MONETARY PENALTIES

You must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **ORIGINAL TOTALS** | $25 | | | |
| **PRINCIPAL BALANCE DUE** | $0 | | | |

☐  The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  You must make restitution (including community restitution) to the following payees in the amount listed below.

If you make a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**          $_____          $_____

☐  Restitution amount ordered pursuant to Plea Agreement  $_____

☐  You must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The Court determined that you do not have the ability to pay interest and it is ordered that:

  ☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

  ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.